■ In the Matter of LAVERNE NEIDERHOFER et al., Respondents, v. JOHN A. GUSTAFSON et al., Constituting the Planning Board of the Town of Homer, Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered December 31, 1973 in Cortland County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Town of Homer Planning Board disapproving petitioners' application for approval of their subdivision plat, and directed the Planning Board to approve the plan as finally submitted. Petitioners presented a preliminary plan for development of a subdivision, referred to as Sunnyfield Acres — Section II, to the appellant planning board at its August 30, 1971 meeting. Discussions were subsequently held concerning the adequacy of the water and sewer systems for the subdivision and on September 10, 1971, petitioners were directed to secure the approval of the County Health Department for the proposed development. Several modifications in the plan were made at the request of the various officials involved and the preliminary plan was approved. The final plan was submitted to the board in December, 1971 and was conditionally approved on April 12, 1972. A public hearing on the proposed development was held on April 25, 1972. At the hearing, much opposition to the plan was voiced, some of it from residents of Sunnyfield Acres — Section I, a subdivision previously constructed by petitioners in the same general area, who complained of problems with drainage and surface water. At its meeting on May 2, 1972, the board disapproved the application because the majority "felt that the proposed development is not of the type envisioned in the proposed planning for the town of Homer." Petitioners commenced this article 78 proceeding to have the board's determination annulled. Initially, the matter was remitted to the board with directions to make findings of fact. The board found, inter alia, that the proposed subdivision would be located in a part of the town which was a valley lowland having a high water table and which was productive cropland. Noting that the homes in the area had changed from seasonal to year-round without a concomitant development of public services, the board found that the proposed subdivision would produce a concentration of homes with individual waste disposal systems in the area not likely to be served with public water and sewage systems. It pointed out that the density of residential development in the area had reached a critical level and the new development would adversely affect the community. A neighboring development built by petitioners suffered drainage and surface water problems. It noted that water systems in the area had been contaminated by material from septic systems. Finally, the board found that the proposed development was inconsis-

tent with the town master plan* and not in the public interest. Following the board's findings of fact, the court concluded that additional testimony was required for a resolution of the issues before it (see Town Law, § 282). Thereupon a hearing was held at the conclusion of which the determination appealed from was rendered. The court below made new findings of fact and concluded that appellant's determination was illegal, arbitrary and capricious and constituted an abuse of discretion. The initial question to which we must address ourselves is the proper role of the court in reviewing the action of the planning board when it determines that the taking of additional testimony is desirable (Town Law, § 282). In this respect, insofar as relevant here, the powers of Special Term are not materially different than in a review proceeding involving an action of the Zoning Board of Appeals (see Town Law, § 267, subd. 7). It has been held in the latter instance, that the fact that Special Term conducts a hearing does not transform the proceedings into a trial *de novo* in the reviewing court (*Thayer* v. *Baybutt*, 29 A D 2d 486, 487–488, affd. 24 N Y 2d 1018). Even after the taking of additional testimony, the ultimate issue before Special Term remains the same—whether the action of the board was arbitrary or capricious. The court may not place itself in the position of the board and substitute its own discretion for that of the administrative agency (*People ex rel. St. Albans-Springfield Corp.* v. *Connell*, 257 N. Y. 73, 81; *Matter of Joynt* v. *King*, 6 A D 2d 234, 240). We can perceive nothing arbitrary, capricious or illegal in the board's decision. The courts have the power and duty to ask the board for its reasons so as to determine whether they were lawful ones or such as reasonable minds could act on (*Matter of Lemir Realty Corp.* v. *Larkin*, 11 N Y 2d 20, 25). The board enumerated its reasons as set forth earlier. For a court to say that those reasons are not good enough, on this record, would mean that Judges have taken over the duties and powers of the board (*id.*). Special Term rejected much of appellant's reliance on the master plan to support its decision, apparently because the plan was not formally adopted until after the determination sought to be reviewed was made. We conclude that the board could properly rely on the comprehensive plan although it had not yet been formally adopted (see *Albright* v. *Town of Manlius*, 34 A D 2d 419, 424–425, mod. on other grounds, 28 N Y 2d 108). In *Matter of Town of Bedford* v. *Village of Mount Kisco* (33 N Y 2d 178) the Court of Appeals made it clear that current comprehensiveness of planning is what is crucial. Here, the board was acting to preserve currently established planning concepts which, although not then formally adopted, could easily have been undermined by approval of an inconsistent development. The comprehensive plan specifically provided that " the concentration of homes with individual septic waste disposal systems in the Little York area and in other valley lowlands with a high water table is to be avoided. The density of residential development in the Little York Lake may already be at a critical level; further development in this area should be carefully controlled until such time as public sewer service can be provided." It also stated that " it is the intent of this Plan to reserve productive cropland for agricultural uses ". We conclude that as a matter of law on the record before us it cannot be said that the board's action disapproving petitioners' application for approval of the subdivision plat was arbitrary, capricious or illegal. Judgment reversed, on the law, petition dismissed, and determination of the Planning

---

\* The comprehensive master plan had been in the works since January, 1968 and was substantially completed by the fall of 1969. Public hearings were held on October 11, 1971 and the plan was formally adopted by the board on June 6, 1972, about a month after its decision on petitioner's application.

Board of the Town of Homer confirmed, without costs. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Kane, JJ., concur.

